Elizabeth S. Van Beuren and Others, Respond-ents, v. Frances A. Wotherspoon and Others, Appellants.— Judgment affirmed, with costs. — Appeal by defendants from final judgment in favor of plaintiffs, entered by direction of the court on confirmation of the referee's report pursuant to the order made by the Appellate Division.—
Per Curiam:   The referee followed strictly the directions contained in the order made by the Appellate Division.   The value of the lot, without the buildings, was fixed at $100,000, and the value of the buildings at $15,100.   The principle upon which these valuations were made was correct.   We can-not assent to the correctness of the views expressed by the appellants' counsel upon this subject.   The value of the use and oc-cupation of the premises from the time of the expiration of the lease was fixed at $9,000 per year, which was precisely the amount of rent received by the defendants from their lessees.   The judgment should be affirmed, with costs.   Present — Van Brunt, P. J., Williams, Patterson, O'Brien and Ingraham. JJ.

Elizabeth S. Van Beuren and Others, Respond-ents, v. Sarah Lazarus and Others, Appel-lants.— Judgment affirmed, with costs.— Appeal by defendants from final judgment in favor of plaintiffs, entered by direction of the court upon confirmation of the referee's report, pursuant to the order made by the Appellate Division.—
Per Curiam:   Judgment affirmed, with costs, upon memorandum in Van Beuren v. Woth-erspoon, decided at present term.   (See pre-ceding case.)   Present—Van Brunt, P. J., Williams, Patterson, O'Brien and Ingraham, JJ.

George Weber, Respondent, v. The Metropoli-tan Street Railway Company, Appellant.— Judgment and order affirmed, with costs.— Appeal from judgment entered on verdict and from order denying motion for new trial.—
Patterson, J.:   The judgment in this case should be affirmed.   The plaintiff was a pas-senger riding on the platform of the defend-ant's car, where he went by invitation of the conductor and where he had a right to be. He did nothing to contribute to the accident which caused the injuries from which he suffered.   That accident occurred by the collision of a horse car with a coal cart.   The coal cart was standing on the sidewalk, the horse attached to it being partly on the side-walk and partly in the street; there was a space of about four feet between the southerly rail of the track and the curbstone. When the body of the car was within some nine or ten feet of the cart, the driver of the car saw the horse attached to the coal cart make a movement as if to bite at the car horse nearest him, the car itself being at that time about ten feet away from the head of the cart horse, but the car horses being near the cart horse.   The movement of the cart horse caused the coal cart to begin to slip down; the car driver at once applied his brake, but it would not hold, and his car was projected with violence against the wheel of the cart; the plaintiff's hand was caught between the wheel and some part of the body of the car, and one of his fingers was torn off. There does not seem to have been any negli-gence of the driver; he had room to pass had not the movement of the cart horse taken place, and he had no reason to anticipate that movement or the descent of the coal cart; but there was evidence that the car could have been stopped or its rate of speed diminished had the braking apparatus been in proper order.   The brake did not work. The evidence is uncontradicted that the car could have been stopped in eight or nine feet at the rate at which it was going at that time.   The driver so testified, and he also testified that that very brake, on the same car, had, on former occasions, failed to re-spond when power was applied to it.   On this occasion it did not stop the car, with the full force of the driver put upon it, until it had proceeded from twenty-five to twenty-eight feet beyond the coal cart.   The driver swore that the brake had been out of order for more than a month, and that he had no less than four times reported it to the starter. It appears in evidence that the starter was the proper person to whom to make reports. There is no evidence whatever to contradict that of the driver respecting the condition of the brake, and there was enough to go to the jury on that subject in support of the particular allegation of the complaint that the accident was caused by the use of a de-fective brake.   There was a strong attack made at the trial on the credibility of this driver, the principal witness for the plain-tiff, but the jury believed him.   The other exceptions are not of sufficient importance to justify an interference with the verdict, nor was the amount of that verdict excessive. The judgment and order appealed from should be affirmed, with costs.— Rumsey and O'Brien, JJ., concurred.   Van Brunt, P. J., and Ingraham, J., dissented.
Van Brunt, P. J. (dissenting) : I dissent. There is no credible evidence that the car could have been stopped in time to avoid col-lision.   The driver says the car could be stopped in four or five feet.   This is upon its face untrue.   Going at the usual rate it takes. but half a second to go five feet (Fenton v. Second Avenue Railroad Co., 126 N. Y. 625), a time not only manifestly insufficient to stop the car, but even to set the brake. Ingraham, J., concurred.